IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Emad A. Alnazli, | ) |
|                     Plaintiff, | ) Civil Action No. 6:14-314-TMC-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Cheddars Casual Café Inc., | ) |
|                     Defendant. | ) |

This matter is before the court on the defendant's motion to dismiss for failure to state a claim and motion to compel arbitration (doc. 30). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.), all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

The plaintiff, a Palestinian and a Muslim, was hired in September 2011 by the defendant Cheddar's Casual Café, Inc.[1] at its restaurant in Greenville, South Carolina. He alleges that since his second week on the job, he was subjected to "radical, cultural, and religious disparities," and that he was repeatedly called "Osama, suicide bomber, Bin Laden, the Taliban, towel head, a terrorist, shoe bomber, airplane crasher," and was accused of being part of a "terrorist cell" (doc. 1-1, pp. 1-2). He alleges that when he complained about this harassment, the defendant reduced his work hours (*id*., p. 2). The plaintiff further alleges that the harassment culminated in a confrontation with his kitchen manager Luis in January 2012: Luis called the plaintiff "Osama" and sprayed him with a liquid, whereupon the plaintiff "could no longer hold his frustration" and head-butted Luis (*id*., p. 1).

---

[1] The defendant has confirmed in its motion the proper spelling of its name.

Following his termination for the head-butting incident, the plaintiff pursued his claim administratively against the defendant for discrimination based on national origin and religion, hostile work environment, and retaliation, ultimately receiving a Determination and Right to Sue Notice from the U.S. Equal Employment Opportunity Commission ("EEOC"). Documents from his EEOC case are attached to his complaint (docs. 1-2 through 1-6). The EEOC documents reveal that the defendant denied the charges raised by the plaintiff and rejected a proposed EEOC Conciliation Agreement.

After the complaint was filed here on February 6, 2014, counsel for the defendant sent a letter to the plaintiff dated June 26th, reminding him of an arbitration agreement that applied to his claims (doc. 30-4). The plaintiff responded by e-mail dated June 30th that he was unaware of the agreement and that he planned on continuing the pursuit of his case in this court (doc. 30-5). On July 7th, the defendant filed a motion (doc. 30), pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6) and the Federal Arbitration Act ("FAA") §§ 1 - 16 (2006), for an order to dismiss the case and compel the plaintiff to submit his claims to arbitration, citing a mandatory arbitration agreement that the plaintiff signed as a condition of his employment when first hired. Attached to the motion is the affidavit of Lynne Bartusek, the defendant's Executive Vice President, Talent and Human Resources, stating that the plaintiff's signature appears on the Signed Acknowledgment and Agreement, part of the defendant's Dispute Resolution Program and Mutual Agreement to Arbitrate Claims (doc. 30-3, Bartusek aff. ¶¶ 6 -7). Also attached are the referenced documents themselves (docs. 30-1, 30-2). The last attachments to the motion to dismiss and compel arbitration are copies of the correspondence between defense counsel and the plaintiff cited above.

On July 8, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff, who is proceeding in this action *pro se*, was advised of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. On July 29, 2014, the plaintiff filed a letter with the court requesting that his case remain open, but not addressing the defendant's motion to compel arbitration (doc. 35). The defendant

then filed a reply on August 8, 2014, repeating its request to dismiss the case and compel arbitration (doc. 37).

## APPLICABLE LAW AND ANALYSIS

Under the FAA, a party may invoke a federal district court's authority to enforce an arbitration agreement by compelling other parties to arbitrate the dispute. 9 U.S.C. § 4. It is well-established that employment-related claims, including statutory claims of discrimination under Title VII, may be the subject of an enforceable arbitration agreement. *See Circuit City Stores, Inc. v. Adams,* 532 U.S. 105 (2001) (arbitration appropriate for claims stemming from employment disputes). In *Adkins v. Labor Ready, Inc.,* 303 F.3d 496 (4th Cir. 2002), the Fourth Circuit Court of Appeals noted the FAA's liberal federal policy favoring arbitration agreements. The court stated:

> The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. This stay-of-litigation provision is mandatory. A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview.

*Id*. at 500 (quoting *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001)). The court further stated:

> In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute."

*Id.* at 500-501 (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991)).

The defendant has demonstrated that the plaintiff should be compelled to arbitrate his disputed claims. The parties' written agreement to arbitrate is plainly set forth

3

in the Dispute Resolution Program and Mutual Agreement to Arbitrate Claims and contains the following provision:

> 2. **Claims Covered by this Agreement**
>
> The Company and the Employee consent to the resolution by arbitration of all claims or controversies involving Employee's application with, employment with, or termination from, the Company.
>
> The Claims covered by this agreement include, but are not limited to, claims for standard wages, overtime wages, or other compensations or benefits due; claims for breach of any contract, express or implied; personal injury and employment related tort claims (including claims for negligence, gross negligence, and intentional harm); *claims for discrimination, retaliation, or harassment of any kind, including without limitation harassment or discrimination based on gender, race, nationality, ethnicity, disability, religion and age;* and claims for violation of any federal or state statute or common law or regulation, and including claims from applicants for employment.

(Doc. 30-1, ¶ 2) (emphasis added). Clearly the disputed claims raised by the plaintiff here (discrimination, retaliation, and harassment) are expressly subject to the arbitration agreement, and it is uncontested that the Signed Acknowledgment and Agreement bears his signature dated September 10, 2011, the date he was hired (doc. 30-2). Moreover, the arbitration agreement, by its own terms, recites that it is governed by the FAA and that the defendant is engaged in interstate commerce (doc. 30-1, ¶ 4). Finally, the defendant has demonstrated the plaintiff's "failure, neglect or refusal" to arbitrate the dispute, as shown by the correspondence between defense counsel and the plaintiff, which establishes notice of the mandatory arbitration agreement and the plaintiff's unwillingness to recognize it. Accordingly, the motion to compel arbitration should be granted.

When an issue in a judicial proceeding is referable to arbitration, the FAA requires the court, upon the motion of a party, to stay the proceedings until that issue is arbitrated. 9 U.S.C. § 3. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2001).

"[D]ismissal is a proper remedy," however, "when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001). As it appears that all of the issues presented in the amended complaint are arbitrable, the instant action should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that defendant's motion to dismiss action and compel arbitration (doc. 30) be granted.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald  
United States Magistrate Judge

October 8, 2014  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).